IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL E. DEWEY,

      Petitioner,                      No. CIV S-09-3102 WBS GGH P

   vs.

G. SWARTHOUT, Warden,

      Respondent.                 <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 1989 in Los Angeles County Superior Court of second-degree implied malice murder while driving under the influence of alcohol (Cal. Penal Code §§ 187(a)/188), and sentenced to a term of 15 years to life with the possibility of parole, herein challenges the March 27, 2008 Board of Parole Hearing (BPH) panel's decision finding him unsuitable for parole at his second subsequent parole consideration hearing. Petition, pp. 1, 6, 28-116; see also, respondent's Exhibits 1 and 2 (docket # 12-1 & # 12-2). Petitioner alleges that the denial decision subjected him to an arbitrary and capricious deprivation of his liberty interest in parole and violated his due process rights because evidence in the record does not support BPH's conclusion that petitioner continues to pose an unreasonable risk of danger to society if released. Id. at 7.

1

Before the court considers the merits of petitioner's ground(s) for relief, the undersigned must first determine whether the instant petition has been rendered moot in light of a recent Ninth Circuit panel ruling. First, the undersigned notes that the Ninth Circuit has in an en banc decision set forth the standards which govern review of denial of parole eligibility cases when the issue centers on whether there was "some evidence" that a potential parolee would constitute a present danger to public safety. Under the traditional analysis prior to Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit parole eligibility cases determined first that the California parole eligibility statute created a federal liberty interest, and then determined the process due from a federal perspective. See e.g., Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir 2003) determining that Cal. Penal Code § 3041's "mandatory" language created the federal interest. Forsaking the previous analysis, Hayward focused on one facet of the process due under state law – "some evidence" – and held that this facet of due process itself created the authority of the federal courts to adjudicate in habeas jurisdiction, which facet did not even have to be federally derived, i.e., that the federal courts could enforce the state standard in the first instance. Hayward further demurred from finding that a federal liberty interest in application of the "some evidence" standard was created:

> [C]ourts in this circuit...need only decide whether the California judicial decision approving...the decision rejecting parole was an "unreasonable application" of the *California* "some evidence" requirement, or was based on an unreasonable determination of the facts in light of the evidence.

Hayward v. Marshall, 603 F.3d at 562-563 (emphasis added).
See also Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010)(per curiam); Cooke v. Solis, 606 F.3d 1206 (9th Cir. 2010).[1]

---

[1] Hayward is, of course, the law in this Circuit and must be followed. However, its decision to forego an analysis on whether a federal liberty interest created by state law creates a *federal* due process right to a "some evidence" standard, because the federal courts can in any event require adherence to a *state* standard, is "fingernails on the chalkboard" in habeas jurisprudence. The

Subsequently, a Ninth Circuit panel in Haggard v. Curry, ___ F.3d ___, 2010 WL 4015006 * 5 (9th Cir. Oct. 12, 2010), has recently held that where the BPH's decision denying parole:

> is not based on "some evidence" of current dangerousness, the California-created, but federally enforceable, liberty interest in parole gives the prisoner only the right to a redetermination by the Board consistent with the state's "some evidence" requirement, not the right to release on parole.

In this case, petitioner states that he was subjected to a two-year parole denial on March 27, 2008, due mainly to his history prior to his commitment offense and to circumstances related to the murder itself. Petition, p. 6. Petitioner's representation that he was subjected to a two-year denial at that time is confirmed by the copy of the hearing transcript submitted by both parties. Petition, at 106; see also, respondent's Ex. 2 (docket # 12-2), p. 21. The hearing transcript indicates that the decision was to be final on July 25, 2008. Petition, at 115; respondent's Ex. 2 (docket # 12-2), p. 30. Given that the most favorable outcome for petitioner with the instant petition in this court would be that it would be granted, nevertheless, the most the

---

Supreme Court has constantly admonished that federal courts in habeas corpus jurisdiction do not sit to enforce state law requirements. Estelle v. McGuire, 502 U.S. 62, 67, 72-73, 112 S.Ct. 475 (1991). Rather, if state law has created a liberty interest under the federal Constitution, the process due on account of that federal interest is determined by federal law. In other words, the federal liberty interest created by state law does not constitutionalize the entire state process underlying the state law creating the liberty interest–federal law determines the minimum due process standards applicable to the interest. Moran v. Godinez, 57 F.3d 690, 698 (9th Cir. 1994). See also Rivera v. Illinois, __U.S.__, 129 S.Ct. 1446, 1454 (2009): "'The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial.'" ;see e.g., Greenholtz v. Inmates of Nebraska etc., 442 U.S. 1, 14, 99 S.Ct. 2100 (1979) (determining the federal process due, after finding state law created a liberty interest, under the factors set forth in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893 (1978); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974) (same). Of course, state provided process may dovetail with federal due process requirements, but state process is not adopted in full simply because it underlies the state created liberty interest. Thus, while the "some evidence" state standard may mirror the need for a federal counterpart, seemingly, the correct analysis would determine this need from a federal perspective in the first instance utilizing Mathews. Moreover, the federal liberty interest in parole eligibility is established by Cal. Penal Code § 3041 recognizing a right to parole if the public safety would not be endangered, cf Greenholtz, not the subsidiary state standards and procedures involved with the liberty interest such as "some evidence," notice requirements, witness availability, or right to counsel.

1  court could order would be that petitioner be granted a new hearing.  As it has been more than
2  two years since the BPH's denial decision has become final and petitioner should have had a
3  third subsequent parole consideration hearing by this date (or be very shortly scheduled for one),
4  the court now directs petitioner to show cause, within twenty-eight days, why this petition should
5  not be dismissed as moot.
6          IT IS SO ORDERED.
7  DATED: October 22, 2010         /s/ Gregory G. Hollows
8          GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

10  GGH:009
dewe3102.ord