IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL E. DEWEY,

     Petitioner,                      No. CIV S-09-3102 WBS GGH P

   vs.

G. SWARTHOUT, Warden,

     Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted in 1989 in Los Angeles County Superior Court of second-degree implied malice murder while driving under the influence of alcohol (Cal. Penal Code §§ 187(a)/188), and sentenced to a term of 21 years to life (15 years, plus a six-year enhancement, to life) with the possibility of parole,[1] herein challenged the March 27, 2008 Board of Parole Hearing (BPH) panel's decision finding him unsuitable for parole at his second subsequent parole consideration hearing. Petition, Docket (Doc) # 1, pp. 1, 6, 28-116 ( Exhibit (Ex.) A, p. 30); see also, respondent's Ex. 1 (Doc. # 12-1, p. 24) to Answer.

---

[1] Although petitioner characterized his sentence as 15 years to life within his petition, he did not take issue with the BPH panel's presiding commissioner's description of his sentence at the 2008 parole hearing.

1

Petitioner alleges that the denial decision subjected him to an arbitrary and capricious deprivation of his liberty interest in parole and violated his due process rights because evidence in the record does not support BPH's conclusion that petitioner continues to pose an unreasonable risk of danger to society if released. Petition at 7.

On October 22, 2010, the undersigned directed petitioner to show cause why, given that the most favorable outcome for petitioner with the instant petition in this court would be that if it were granted, the most that could be ordered would be that petitioner would be granted a new hearing, pursuant to Haggard v. Curry, ___ F.3d ___, 2010 WL 4015006 * 5 (9th Cir. Oct. 12, 2010), and petitioner stated that he received a two-year parole denial on March 27, 2008, which decision evidently became final on July 25, 2008. Petition, pp. 6, 115; respondent's Exhibit (Ex.) 2 (docket # 12-2), p. 30. Thus, as more than two years had passed since the BPH denial decision had become final, petitioner should have either had his third subsequent parole consideration hearing or have been very shortly scheduled for one.

In a timely response discharging the show cause order, petitioner maintained that his petition should not be deemed moot, a conclusion with which this court agrees, although the undersigned does not agree that In re Prather, 50 Cal.4th 238, 253, 112 Cal. Rptr.3d 291 (2010), and thus by inference, Haggard, is an advisory opinion only. See Response, docket # 16, p. 6.[2] Haggard is binding on this court. The undersigned would therefore find that the instant petition is not moot notwithstanding any subsequent parole denial decision because the BPH is required to consider new evidence to reach the same result should the instant petition be granted.

However, subsequently, petitioner by way of a motion to dismiss, filed on December 10, 2010 (but not entered into the docket until December 13, 2010), reversed himself and demonstrated that the instant petition has, indeed, been rendered moot, indicating that he had received a parole release date from the BPH which became final on November 3, 2010, of which

---

[2] The undersigned references the court's electronic pagination.

the governor has since declined review. See request to dismiss (docket # 17). Petitioner indicates that his release on parole was scheduled for December 9, 2010, a date which has now passed. The court, therefore, agrees with petitioner's most current position that the instant petition has indeed been rendered moot.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for voluntary dismissal of the instant petition as moot, filed on December 10, 2010 (docket # 17), be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2010              /s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
dewe3102.dsm